[No. 13442.  Department One. — May 27, 1891.]

## A.  PUTNAM, RESPONDENT, *v.* G. A. DUNGAN, APPELLANT.

RELEASE OF INTEREST IN LAND — FAILURE OF TITLE — RECOVERY OF MONEY PAID. — One who pays money to another for a release of his interest in certain land, upon the condition that if it be ascertained that he did not have any interest in the land the money is to be repaid, may maintain an action for the recovery of the money, if it is satisfactorily established that he had no interest in the land sold.

ID. — APPEAL — CONFLICTING EVIDENCE — COMPROMISE. — Where the evidence is substantially conflicting as to whether he had any interest in the land sold, and as to whether the payment was made under such agreement or was paid as a compromise and settlement of differences, a verdict and judgment for the recovery of the money will not be disturbed.

ID. — PERSON CHARGED WITH KNOWLEDGE OF HIS OWN TITLE. — One who was personally connected with all the acts and transactions culminating in the purchase of land will be held, as a matter of law, upon a resale thereof, to have known whether he had any interest in the land or not.

ID. — VOLUNTARY PAYMENT — KNOWLEDGE OF PLAINTIFF. — The fact that the plaintiff had learned the facts connected with the purchase before the payment was made would not make the payment voluntary, or preclude him f om recovering it back under such agreement in case the seller had no interest in the purchase.

ID. — INTEREST IN PURCHASE — EVIDENCE — JOINT NOTE. — The fact that several parties unite in a note to a bank for the money with which to purchase land is not conclusive in determining their relations, and does not of itself create a joint interest in the purchase in favor of all parties to the note.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*Buck & Wheeler*, for Appellant.

The evidence does not prove, or even tend to prove, fraud on the part of defendant. (*Cleaveland* v. *Richardson*, 10 Sup. Ct. Rep. 103; *Atlantic* v. *James*, 94 U. S. 207; *Maxwell Land Grant Case*, 121 U. S. 380, 381; *Colton* v. *Stanford*, 82 Cal. 352; 16 Am. St. Rep. 137.) Money paid under a mistake of law, but with full knowledge, or with means of obtaining knowledge, of all the circumstances, cannot be recovered back. (2 Pomeroy's Eq. Jur., sec. 851.)

*E. W. Wilson*, and *P. F. Hart*, for Respondent.

Under the circumstances, the verdict of the jury, and the judgment of the court thereon, was and is proper, and was and is in accordance with the law and the facts. (*Stinson* v. *Helps*, 9 Col. 33; *Erickson* v. *Bennet*, 39 Minn. 326; *Miner* v. *Medbury*, 6 Wis. 308; *Alvarez* v. *Brannan*, 7 Cal. 504; 68 Am. Dec. 274; *Wright* v. *Carillo*, 22 Cal. 596.) Every contracting party has an absolute right to rely on the expressed statement of an existing fact, the truth of which is known to the opposite party and unknown to him, as the basis of a mutual engagement; and he is under no obligation to investigate and verify statements, to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith. (*Mead* v. *Bunn*, 32 N. Y. 275; Pomeroy's Eq. Jur., sec. 895.)

Harrison, J. — The real question involved in this action is, whether the one thousand dollars which the plaintiff alleges was paid by him to the defendant, and for the recovery of which the action was brought, was paid as a compromise and in settlement of differences existing between him and the defendant, or whether it was paid upon the representation and claim by the defendant that he had an interest in the purchase of certain lands in Oregon, and upon his agreement that he

would repay it if it should be subsequently ascertained that he did not have any interest therein. Underlying this question, however, is the question whether the defendant did in reality have any such interest, and whether, if he did not, he knew that he had no such interest; for if he knew that he had no interest in the land, his representation to the plaintiff that he had was false, and if made with a view of inducing the plaintiff to pay to him one thousand dollars therefor, was fraudulent. Inasmuch, moreover, as the defendant himself had been personally connected with all the acts and transactions culminating in the purchase of the land, he must be held, as a matter of law, to have known whether he had any interest in the purchase or not. Hence the first question to be determined upon the trial was, whether the defendant did in fact have any interest in the purchase of the land referred to.

In pursuance of a previous plan formed on behalf of the plaintiff, one Walker, and one Smith, with the defendant and his brother, the defendant and Walker had gone to the state of Oregon from the county of Humboldt, where they all resided, for the purpose of making purchase of lands, if any could be found which would be satisfactory to them. Previous to their departure, a note for five thousand dollars had been given to the Humboldt County Bank by four of the parties, for which the bank had given five one-thousand-dollar drafts on the Bank of California, of which two were made payable to the order of Walker, and three to the order of the defendant. After reaching Oregon, a purchase was made of the Long ranch, and an agreement for its conveyance executed between the owner and Walker, the defendant signing his name as a witness to the agreement. After making this purchase the defendant and Walker looked at some other tracts of land, but finding none which suited them, returned to Humboldt County. On their route back a disagreement arose between Walker and

the defendant respecting the purchase, Walker claiming that it was for himself, Smith, and the plaintiff, and the defendant claiming that he had an interest in it.    After they had returned to Eureka they met Smith and the plaintiff, and the controversy was continued, until finally the plaintiff paid to the defendant the one thousand dollars which is the subject of this controversy, the defendant claiming that it was paid as a compromise of the difference and for a release of his claim to the land purchased, and the plaintiff contending that it was paid upon the express agreement on the part of the defendant that he would repay it if it should afterwards be established that the defendant did not have an interest in the purchase.    The cause was tried before a jury, and a verdict rendered in favor of the plaintiff for the sum claimed.    The defendant has appealed directly from the judgment, bringing up the evidence which was taken at the trial in a bill of exceptions, the appeal having been taken within sixty days after the judgment.

It would serve no useful purpose to recount the testimony given at the trial.    Both parties to the action, as well as the other parties to the transaction, were fully examined, and testimony from disinterested witnesses in corroboration of one or the other was also presented. All the relations existing between the five parties to the transaction, — the conversations and preparation prior to the departure of the defendant and Walker for Oregon, the procuring of the money with which to make such purchases as they might desire, their negotiations with reference to other tracts of land, — in fact, everything that might serve to throw light upon the particular transaction, was placed before the jury.    It is needless to say that in many respects the testimony was in direct conflict.    The jury, however, had the opportunity to weigh all the evidence, and to determine the effect to be given to the testimony of each witness.    They were enabled to determine the extent to which the plaintiff

relied upon the statement of the defendant as an induce-
ment to pay him the money, as well as the knowledge
which he could otherwise obtain concerning the cor-
rectness of that statement.    After a careful examination
of all the evidence in the record, we cannot say that it
is insufficient to justify the verdict.    The jury were
fully instructed by the court upon the questions before
them.    They were instructed that if this money was
paid as a compromise, or in settlement of a dispute be-
tween the parties, their verdict should be for the defend-
ant.    It was left to them to determine from all the
evidence whether the money was paid as claimed by the
one party or by the other, and where the evidence was
so directly contradictory and conflicting, their verdict
must be the final determination of the rights of the
parties.

The fact that Walker had been with the defendant at
the time the purchase was made, and that the plaintiff
had learned from him the facts connected with his pur-
chase, did not of itself make the payment to the defend-
ant voluntary.    Walker and the defendant differed
radically in their version of the transaction, and in their
view of the rights of the defendant in the purchase.    The
plaintiff was not compelled to believe that the version of
either of them was correct.    He had the right to further
inform himself of the facts connected with the purchase,
and to rely upon the statement of the defendant that
these facts would show that the defendant did have an
interest.    If upon such investigation he was able to es-
tablish that the defendant did not have an interest, he
had a right to demand the money back in accordance
with the terms upon which he had paid it.    Walker
himself refused to be a party to any compromise; and
the contention of the defendant that because Walker
knew all the transaction he could not have been misled
by any statement of the defendant has no application
to the position of the plaintiff.    He did not have Walk-

er's knowledge, and was not compelled to rely upon his statement. He had a right to make the payment to the defendant upon the condition that if the defendant's statement was not correct it should be refunded, and if he should be subsequently able to establish, as he must have done, to the satisfaction of the jury at the trial, that the defendant did not have an interest in the land, he had the right to maintain his action. Neither did the fact that the parties united in the note to the bank for the money with which they were to make their purchases in Oregon of itself create a joint interest in all of the parties in whatever purchase should be made. That fact was a circumstance, but not conclusive, in determining their relations. Such arrangement could as easily have been made for the accommodation of the parties in their several rights as in their joint rights.

When the plaintiff rested, the defendant asked for a nonsuit, which was denied. There was no error in this. The court would not have been justified in withdrawing from the jury the determination from the evidence then before it of the proposition upon which the defendant asked the nonsuit.

We find no error in any of the instructions or rulings of the court, and upon well-settled principles in reference to conflicting evidence, the judgment is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.